Argued April 29, affirmed May 23, reconsideration denied June 29,
petition for review denied July 26, 1977

JOHNSON, *Appellant,*

*v.*

STATE ex rel THE OREGON NATIONAL
GUARD et al, *Respondents.*

(No. 423 662, CA 6916)

564 P2d 714

David R. Baker, Portland, argued the cause for appellant. With him on the brief was Baker & Larue, Portland.

Vawter Parker, Portland, argued the cause for respondents. With him on the brief were Dezendorf, Spears, Lubersky & Campbell, and James H. Clarke and David B. Markowitz, Portland.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

THORNTON, J.

## THORNTON, J.

Plaintiff, a national guardsman who was on two weeks' active duty for training purposes at Camp Withycombe, was injured when an armored personnel carrier belonging to the Oregon National Guard and being operated by defendant Matchett, a fellow guardsman, struck plaintiff's automobile and injured plaintiff.

The issue presented is whether the trial judge erred in granting defendants' motion for summary judgment.

Defendants, in support of their motion for summary judgment in the trial court, argued that (1) defendants are immune from liability for any act of negligence by defendant Matchett while on active service with the Oregon National Guard by virtue of ORS 399.225(1)[1] and ORS 30.265;[2] (2) plaintiff's injuries were covered by the provisions of the federal military disability compensation system and the state workmen's compensation law; that plaintiff has already been compensated for his injuries under the federal law; and plaintiff is therefore barred by ORS 30.265(2)(b) from bringing a separate action; and (3) plaintiff failed to allege and prove that he gave the notice of tort claim required by ORS 30.275.

On appeal plaintiff argues: (1) "Active service" under the immunity provision of ORS 399.065 is not

_____

[1]ORS 399.225(1) provides:

"Members of the organized militia ordered into active service of the state pursuant to this chapter shall not be liable civilly or criminally for any act or acts done by them in the performance of their duty. * * *"

[2]ORS 30.265(2) provides in part:

"(2) Every public body is immune from liability for:

"(a) Any claim for injury to or death of any person or injury to property resulting from an act or omission of an officer, employe or agent of a public body when such officer, employe or agent is immune from liability.

"(b) Any claim for injury to or death of any person covered by any workmen's compensation law.

"* * * * *"

[ 479 ]

the same as the "active duty" referred to in ORS 399.075; that under ORS 399.065 only the Governor may order the organized militia into active service, and only in case of "invasion, disaster, insurrection, riot, breach of the peace, or imminent danger thereof." (2) Contrary to defendant's contention regarding "workmen's compensation coverage," plaintiff was not covered by the Oregon Workmen's Compensation Law, and that since he was not covered by that law he is entitled to recover under the Oregon Tort Claims Act.

We note that plaintiff's brief does not mention defendant's third ground for summary judgment, namely, that plaintiff failed to allege and prove that he gave the notice of tort claim required by ORS 30.275. When questioned concerning this point during oral argument, plaintiff stated that such omission had been corrected by an affidavit filed in the trial court averring that such notice was given to the Military Department and the State Attorney General according to law.

■■ We conclude that defendant Matchett is immune from civil liability under the provisions of ORS 399.225. While it is true that the legislature used the term "active service" in ORS 399.065 and "active duty" in ORS 399.075, we do not regard this difference as a basis for giving a narrow and restrictive construction to the immunity provision, ORS 399.225. As we read ORS 399.225, it is apparent that the legislature intended to give guardsmen personal immunity from both civil and criminal liability for acts done while acting in line of duty under lawful orders and while performing all types of active military duty.

Plaintiff does not contend that defendant Matchett was not acting in line of duty at the time of the accident or was not acting under lawful orders.[3]

---

[3] All parties have apparently assumed that defendant was ordered to "active duty" pursuant to 32 USCA § 503 (1959) and ORS 399.075(1), and not "active service" pursuant to either ORS 399.065(1) or (2). We proceed consistent with that assumption, although the record is unclear as to the nature of the state authorization.

■ For purposes of civil immunity we see no reason to distinguish between personnel called to training pursuant to ORS 399.065 and personnel called to training pursuant to ORS 399.075(1). The construction plaintiff places on ORS 399.075 would entail an irrational result. He would have us hold that a guardsman ordered to active duty by the Governor is immune from liability, but the same guardsman ordered to duty by the Adjutant General with the approval of the Governor or by federal authority under 32 USCA § 503 (1959), as was the case here, is not immune. All of these state statutes are part of the same Act and must be construed together, giving effect to the manifest legislative intent and meaning to each provision thereof if possible. *Curly's Dairy v. Dept. of Agriculture,* 244 Or 15, 21, 415 P2d 740 (1966); *City of Portland v. Duntley,* 185 Or 365, 203 P2d 640 (1949). There appears to be no rational basis in terms of the plain purpose of ORS 399.225 for adopting the construction urged by plaintiff.

■ As defendant Matchett was immune from civil liability under ORS 399.225, the defendant State of Oregon and the defendant Oregon National Guard were likewise immune from suit under ORS 30.265(2)(a).

Since we have concluded that the trial court must be affirmed on the first ground urged, we do not reach the remaining grounds for summary judgment relied upon by the defendants.

Affirmed.